UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-346-RJC
(3:05-cr-16-RJC)

| | |
|---|---|
| MICHAEL VASHAWN DRAYTON, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the motion will be dismissed as successive.

I.      BACKGROUND

On January 3, 2006, the Court sentenced Petitioner to an aggregate term of 272 months' imprisonment based on his guilty pleas to three counts of bank robbery, one count of armed bank robbery, one count of possession of a firearm during and in relation to a crime of violence, and one count of possession of a firearm by a felon.[1] (3:05-cr-16, Doc. No. 19: Judgment at 1-2). The United States Court of Appeals for the Fourth Circuit affirm Petitioner's convictions and sentence on appeal. United States v. Drayton, 212 F. App'x 248 (4th Cir. 2007).

On February 20, 2008, Petitioner filed a § 2255 motion alleging numerous claims of ineffective assistance of counsel and that this Court erred in not ordering a competency

---

[1] Petitioner was subject to an enhanced sentence as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). (3:05-cr-16, Doc. No. 19: Judgment at 1).

1

evaluation and in accepting his guilty plea despite denials of knowingly possessing a firearm. (Case No. 3:08-cv-68, Doc. No. 1). The Court granted the government's motion for summary judgment after finding that each of Petitioner's claims lacked merit and dismissed Petitioner's § 2255 motion, (Id., Doc. No. 13: Order), which Petitioner did not appeal.

On June 24, 2014, Petitioner filed the instant § 2255 motion contending that his prior convictions no longer qualify under the Armed Career Criminal Act based on the Supreme Court's opinion in Descamps v. United States, 133 S. Ct. 2276 (2013). (Doc. No. 1: Motion at 4).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner may be entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no mention in the instant motion that Petitioner first secured the necessary authorization from the Fourth Circuit to file a second, successive motion under § 2255, nor is there any indication of such in the record. Therefore, the Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Additionally, the Supreme Court has not made Descamps retroactive to cases on collateral review. See Abney v. Warden States, No. 15–10088, 2015 WL 4546193, at *3-4 (11th Cir. July 29, 2015).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 18, 2015

Robert J. Conrad, Jr.
United States District Judge